IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, YOUNGSTOWN

| | | |
|---|---|---|
| JEANNE KING<br>4241 Wilson Sharpsville Road<br>Cortland, OH 44410 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| STEWARD TRUMBULL MEMORIAL<br>HOSPITAL, INC., dba TRUMBULL<br>REGIONAL MEDICAL CENTER<br>1350 E. Market St.<br>Warren, OH 44483-6608 | )<br>)<br>)<br>)<br>)<br>) | **COMPLAINT**<br><br><br><br>Jury Demand Endorsed Hereon |
| and | )<br>) | |
| DALE BUNGARD<br>64 Eagle Point Drive<br>Newton Falls, OH  44444 | )<br>)<br>)<br>) | |
| and | )<br>) | |
| JANE DOE | )<br>) | |
| Defendants. | ) | |

**JURISDICTION AND VENUE**

1. This is a suit for declaratory, monetary and equitable relief to redress both interference with statutory employment rights and retaliation for the plaintiff's lawful exercise of those rights, all in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").  The Court has jurisdiction pursuant to 29 U.S.C. § 2617; 28 U.S.C. § 1331; 28 U.S.C. §§ 2201-2202, and other applicable law.

2. This Court also has subject matter jurisdiction over the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112 et seq.

1

3. Pursuant to 28 U.S.C. §1391(b), venue is proper in the Northern District of Ohio, where the Plaintiff resides and worked as an employee of the Defendant hospital and where her causes of action arose under the FMLA and the ADA.

## PARTIES

4. Plaintiff is an individual and a resident of Trumbull County, Ohio.

5. Defendant Steward Trumbull Memorial Hospital, Inc., dba, Trumbull Regional Medical Center, and aka as Trumbull Memorial Hospital ("Steward"), is a Delaware corporation registered under the laws of the State of Ohio and authorized to do business in Ohio with its principal place of business at 1350 E. Market Street, in the City of Warren, State of Ohio.

6. Defendant Jane Doe is an individual whose true name is unknown and is referred to herein by a fictitious name. When this defendant's true name is ascertained Plaintiff will seek leave of court to amend her complaint.

7. At all times relevant herein Defendant Jane Doe was a human resource employee of Defendant Stewart. Her duties included assisting employees with their FMLA leave requests and making sure that each employee's hours worked and other payroll information had been properly recorded for FMLA leave eligibility.

8. At all relevant times in this complaint, Plaintiff worked in the Emergency Room Department of Steward and her nurse manager was Defendant Dale Bungard (hereinafter "Bungard".

9. Defendant Bungard and Defendant Doe were employees and agents of Defendant Steward and were acting within the scope of their employment and agency and in furtherance of Defendant Steward's business.

**FACTS**

10. At all relevant times Defendant Steward had more than 50 employees within 75 miles of its offices in Trumbull County, Ohio, and in all respects was covered as an employer under 29 U.S.C. § 2611(4) and other sections of the FMLA.

11. Defendant Steward had arranged to have its FMLA leaves administered by FMLASource, a company that specializes in reviewing, processing and approving FMLA leave requests. However, in order for FMLASource to do so, Defendant Steward had to first provide FMLASource with each employee's necessary payroll information -- including the total hours worked during the twelve-month period preceding the FMLA leave request.

12. Plaintiff worked for Defendant Steward for approximately fifteen years, from June 20, 2002 to April 1. 2017.

13. On March 2, 2017, Plaintiff became ill from asthma and on that day she attempted to apply for FMLA leave through FMLASource. However, she could not do so because Defendant Steward had not provided FMLASource with Plaintiff's necessary payroll records for the previous 12-month period.

14. Plaintiff qualified for FMLA because she worked full time and had acquired more than 1,250 hours in the 12 months preceding her request for a FMLA leave.

15. Plaintiff remained severely ill from March 2, 2017 through March 16, 2017.

16. Plaintiff contacted Defendant Jane Doe at Defendant Steward's HR Department and informed her of her inability to have FMLASource process her FMLA leave request because it did not have her necessary payroll information. Defendant Jane Doe acknowledged to Plaintiff that indeed her payroll records and hours worked had not been properly recorded and that Defendant Doe would now have to manually enter them and provide them to FMLASource. She

further explained to Plaintiff that this was due to Defendant Steward becoming the new owner of the hospital.

17. In fact, Jane Doe did not enter Plaintiff's payroll hours manually or otherwise, despite of repeat calls and messages from Plaintiff to do so.

18. Frustrated, Plaintiff notified Defendant Dale Bungard, her nurse manager, of the denial of her FMLA leave due to Defendant Stewart's failure to properly record her payroll hours, and she further apprised him of her repeated requests to Defendant Jane Doe to do so.

19. Defendant Bungard assured Plaintiff that he would look into it and get back to Plaintiff. In fact, he did not.

20. On March 16, 2017, the last day of Plaintiff's two week leave, Plaintiff was still experiencing difficulties breathing and was admitted to Defendant Steward's Emergency Room. Later that same day, Plaintiff called her nurse supervisor and told her "my doctor has extended my medical leave for an additional two weeks, from March 17, 2017 to March 31, 2017."

21. On March 31, 2017, while Plaintiff was still on medical leave, Plaintiff received a call from Defendant Bungard asking her to come to his office at Defendant Steward's hospital. Plaintiff asked Defendant Bungard if it could wait until the next day, April 1, 2017, her first day back to work, but he insisted that she go there that day, and so she went.

22. Soon after Plaintiff arrived to Defendant Bungard's office, he handed her Defendant Steward's termination letter "for failure to secure leave in a timely manner."

23. When Plaintiff reminded Defendant Bungard that she was waiting for Defendant Jane Doe to manually enter her payroll information, that she had already apprised him of this and that it still had not been done -- thus preventing FMLASource from processing Plaintiff's FMLA

4

leave request -- Defendant Bungard replied, "I'm just doing what I was told by the people above me."

## COUNT I
### (Family Medical Leave Act)

24.     Plaintiff restates each and every prior paragraph of this complaint, as it were fully restated herein.

25.     Defendant Steward was an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4).

26.     Plaintiff was an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

27.     Plaintiff suffers from asthma, a chronic and serious health condition and she was "entitled to leave" as prescribed in the FMLA, 29 U.S.C. § 2612(1).

28.     Plaintiff provided sufficient notice to Defendant Steward of her intent to take FMLA leave from March 1, 2017 to March 17, 2017, and as well as her request for additional leave from March 17 to April 1, 2017.

29.     Since Plaintiff was eligible for the protections of the FMLA, Defendant Steward was required by 29 U.S.C. §§ 2612-2614 and 29 C.F.R. §§ 825.200, 825.214, 825.215 and other applicable statutory and regulatory provisions to afford her medical leave and restore her to the nursing position she held on April 1, 2017 -- or to an equivalent position with equivalent benefits, pay and other terms and conditions.

30.     Defendant Steward was further prohibited by 29 U.S.C. § 2615 and other statutory and regulatory provisions from retaliating against Plaintiff for her exercising or attempting to exercise her rights under the FMLA.

31. Defendants willfully and in bad faith violated the FMLA and regulations promulgated to implement the FMLA by, among other things, (a) knowingly interfering with Plaintiff's proper exercise of her rights under the FMLA; (b) knowingly retaliating against Plaintiff for her proper exercise of her rights under the FMLA; (c) wrongfully terminating her employment because she exercised her rights under the FMLA; (d) knowingly failing to maintain proper and accurate payroll records; (e) continuing to ignore Plaintiff's repeated requests to manually record all the hours she worked on each work day, and the total hours for each week she worked so that FMLASource could timely process her FMLA leave; and (f) by falsely stating to Plaintiff and others that she was terminated "for failure to secure leave in a timely manner."

32. As a direct and proximate result of Defendant's violations of the FMLA and associated regulations, Plaintiff has sustained and shall continue to suffer lost wages, fringe benefits and other forms of compensation; lost career opportunities; humiliation and mental anguish; and other pecuniary and nonpecuniary damages, injuries and losses.

## COUNT II
### (Disability Discrimination in Violation of the ADA, 42 U.S.C. § 12112 et seq.)

33. Plaintiff restates each and every prior paragraph of this complaint, as it were fully restated herein.

34. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C. §12112, et seq., in that Plaintiff suffers from asthma.

35. Defendant's actions described above constitute discrimination in violation of the ADA, 42 U.S.C. §12112, et seq.

36. Plaintiff required reasonable accommodation in the form of a medical leave and treatment.

37. Defendant Steward failed to make reasonable accommodation to avoid discrimination on the basis of disability.

38. Defendant Steward acted with malice and ill will toward Plaintiff without regard for her legal rights in summarily discharging her because of her disability.

39. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and will continue to suffer damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court:

(a) Declare that Defendant Steward violated her rights under the FMLA;

(b) Reinstate Plaintiff to the position of registered nurse in the Emergency Room Department or to an equivalent positon with full benefits, pay and seniority rights as if she had never been terminated;

(c) Award Plaintiff actual damages against the Defendants in an amount not to exceed Two Hundred Fifty Thousand Dollars ($250,000.00) in the form of (a) back wages with fringe benefits, lost vacation, raises, bonuses and other forms of compensation of all kinds (plus prejudgment interest) to cover the period from April 1, 2017, through the date of trial; and (b) front pay and fringe benefits, lost vacation, raises, bonuses and other forms of compensation of all kinds to redress the loss of her employment and opportunities for career advancement for a period commencing on the date of trial and extending for a reasonable period of time into the future.

(d) Award her liquidated damages in an amount not to exceed her actual, or Two Hundred Fifty Thousand Dollars ($250,000.00), all as provided by 29 U.S.C. § 2617(a)(1) and other applicable law;

(e) Mandate that Defendant Steward's management provide and undergo training in the rights and responsibilities of employees and employers under the FMLA;

(f) Award Plaintiff her attorneys' fees, expert witness fees, litigation expenses and costs all as provided under 29 U.S.C. § 2617(a)(3);

(g) Award Plaintiff her prejudgment and post judgment interest on the actual damages, liquidated damages, attorney's fees and other sums she recovers; and

(h) Grant her such other and further monetary, equitable, injunctive and declaratory relief as the Court deems just and proper.

PLAINTIFF FURTHER DEMANDS TRIAL BY JURY.

*/s/ Irene K. Makridis*
Irene K. Makridis, 0016760
Attorney for Plaintiff
155 S. Park Ave., Suite 160
Warren, OH 44481
(330) 394-1587 | F: (330) 394-3070
office@makridislaw.com