**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JEANNE KING,** | **Case No.  4:19-cv-00720** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **STEWARD TRUMBULL MEMORIAL HOSPITAL, INC., et al.** | **MEMORANDUM OF OPINION AND ORDER** |
| **Defendants** | |

Currently pending is Plaintiff's Motion for Leave to File Amended Complaint, Instanter filed on April 10, 2020 ("Plaintiff's Motion").  (Doc. No. 22.)  Defendants filed a Response in Opposition to Plaintiff's Motion on April 24, 2020 ("Defendant's Response").  (Doc. No. 26.)  For the reasons set forth below, Plaintiff's Motion is GRANTED.

In Plaintiff's Motion, Plaintiff asserts that "the Amended Complaint is necessary to more accurately reflect the facts and to add a claim for disability discrimination under the corresponding Ohio disability law", and "to substitute Cindy Burns as the proper defendant for Jane Doe in the original complaint."  (Doc. No. 22, PageID # 76.)  Plaintiff argues that despite health issues she has been experiencing that have precluded the taking of her deposition, as well as depositions of others, including named defendant Dale Bungard and Cindy Burns, the individual she wishes to substitute as the proper defendant for Jane Doe, written discovery has been pursued and the discovery deadline has been extended.  Plaintiff notes that although she requested from Defendant Steward Trumbull Memorial Hospital, Inc., dba Trumbull Regional Medical Center ("Steward"), her payroll records and hours she actually worked during the twelve-month period before she applied for FMLA leave,

Steward has yet to produce such records.  Plaintiff also asserts that she "is a person with a 'disability' under the Americans with Disabilities Act (ADA) as well as under Ohio law", "entitl[ing] her to additional accommodation and additional medical leave under the ADA and Ohio law."  (Doc. No. 22, PageID # 76.)  The Court interprets this assertion to mean that the written discovery already directed to her by Defendants would have elicited the information necessary to evaluate both her Disability Discrimination in Violation of ADA claim set forth under Count II of her Complaint, and her Disability Discrimination in Violation of O.R.C. § 4112.01, et seq. set forth under Count III of her proposed Amended Complaint.  (Doc. No. 1, PageID #s 6-7; Doc No. 22-2, PageID #s 88-89.)  Plaintiff argues that based upon the foregoing, "no prejudice can be asserted by the Defendants."  (Doc. No. 22, PageID # 78.)

In Defendant's Response, Defendant recognizes that "Rule 15 of the Federal Rules of Procedure instructs courts to 'freely give[]' leave to amend 'when justice so requires,'" but submits that "[c]ircumstances such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, futility of the amendment, or a combination of these factors may be grounds for denial.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962)."  (Doc. No. 26, PageID # 101.)  Defendant asks this Court to exercise its discretion and deny Plaintiff's Motion because of undue delay on the part of Plaintiff and resulting prejudice to Defendants.

At paragraph 6 of Plaintiff's Complaint, Plaintiff alleged that "[w]hen this [Jane Doe] defendant's true name is ascertained Plaintiff will seek leave of court to amend her complaint."  (Doc. No. 1, PageID # 2.)  It is unclear when Cindy Burn's identity or true name was ascertained by Plaintiff, but in footnote 1 of Defendant's Response, Defendant notes that "the Parties jointly moved to extend the case schedule on March 31, 2020" so that they would be able to convene the depositions of

individuals, including Plaintiff, Defendant Dale Bungard and Cindy Burns.  (Doc. No. 26, PageID # 103.)  Obviously, then, at some point before the filing of the parties' joint motion to extend the case schedule, both Plaintiff and Defendant became aware that the Jane Doe defendant named in the Complaint was Cindy Burns.  Thus, Defendant cannot claim, and indeed did not claim with any specificity, any prejudice associated with allowing the filing of the Amended Complaint to substitute Cindy Burns for the Jane Doe defendant.[1]

As to Defendants' assertion that they will suffer prejudice if Plaintiff's Motion is granted since Plaintiff's proposed Amended Complaint adds a disability discrimination claim under Ohio law, the Court finds this assertion to be without merit.  Specifically, in Defendants" Response, Defendants argue that Plaintiff's request to add a claim of disability discrimination under Ohio law is a last-ditch effort to preclude Defendants from conducting additional discovery related to this claim.  They note that they would be unable to complete discovery with respect to this additional claim "before discovery closes under the current case schedule (on May 4, 2020)."  (Doc. No. 26, PageID # 100.)  However, the Court granted the parties' joint motion to extend the case schedule on April 24, 2020, and the new fact discovery deadline is August 3, 2020.  The Court granted the parties' joint motion in large part because of Plaintiff's health issues and the constraints imposed by the COVID-19 pandemic that precluded the parties from conducting the depositions needed, to include those of Plaintiff, Defendant Bungard and Cindy Burns.  Thus, Defendants have time to serve any additional

---

[1] Defendants argue that "Plaintiff has waited until the eve of discovery closing to attempt to change the facts of her assertions, **the parties to the case**, and the claims asserted. *** Notably, Plaintiff's motion identifies no newly-discovered facts which would support an entirely new claim, **a new party**, or other revisions that she attempts to make." (Doc. No. 26, Page ID # 102.)  However, the Court does not consider Cindy Burns "a new party" as Plaintiff included Jane Doe as a named defendant and expressly reserved her right to, or alleged that she would, file an amended complaint to include the identity of Jane Doe upon learning of same.

3

written discovery upon Plaintiff they deem necessary to flush out information relevant to her additional disability discrimination claim under Ohio law and to cover facts associated therewith in Plaintiff's deposition.

Accordingly, Plaintiff's Motion is Granted. Plaintiff's Amended Complaint (Doc. No. 22-2) is deemed filed as of the date of this Order.

**IT IS SO ORDERED.**

Date: April 28, 2020

    s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE